Plaintiff was employed by the Republic Aviation Corporation as a riveter. Due to the use of a rivet gun, she developed a lump on her wrist. She ivas referred to Republic’s infirmary where, between November 1 and November 10, 1943, she was treated by defendant, a physician in the employ of Republic. During the course of the treatment and in order to dissipate the swelling, defendant struck plaintiff’s wrist with a large book or ledger, resulting in the fracture of her wrist. On March 12, 1945, more than one yéar after the cause of action accrued, she instituted this action to recover damages for the alleged malpractice. Plaintiff accepted a number of" compensation payments from Republic's insurance carrier. Defendant moved for summary judgment. The motion was denied, and defendant appeals. Order affirmed, without costs. There is a question of fact as to whether the compensation payments accepted by plaintiff were, for damages for the result of the original injury only or whether they also included damages for the alleged malpractice. Until the fact is established, it cannot be determined whether plaintiff has been divested of her cause of action under the provisions of section 29 of the Workmen’s Compensation Law, (McIntyre v. Stewart, 184 Mise. 610, affd. 269 App. Div. 731; Baselice v. Fanoni, 185 Mise. 593.) Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.